Dariush G. Adli, Esq. (SBN: 204959)
  adli@adlilaw.com
Drew H. Sherman, Esq. (SBN: 237045)
  drew.sherman@adlilaw.com
Joshua H. Eichenstein (SBN: 299392)
  Josh.eichenstein@adlilaw.com
ADLI LAW GROUP, P.C.
444 South Flower Street, Suite 3100
Los Angeles, California 90071
Telephone: 213-623-6546
Facsimile: 213-623-6554

Attorneys for Plaintiffs
Lubby Holdings LLC,
Vaporous Technologies, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUBBY HOLDINGS LLC, a Delaware limited liability company; VAPOROUS TECHNOLOGIES, INC., a Delaware corporation;<br><br>*Plaintiffs*,<br><br>v.<br><br>HENRY CHUNG, an individual; MING CHEN, an individual; DEEPVAPES, INC., a California Corporation d/b/a BOOM VAPORIZER; DOES 1-10, inclusive,<br><br>*Defendants*. | Case No.<br><br>**PLAINTIFFS' COMPLAINT AGAINST DEFENDANTS FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff LUBBY HOLDINGS LLC, a Delaware limited liability company "Lubby") and VAPOROUS TECHNOLOGIES, INC., ("VAP-2") a Delaware corporation (Lubby and VAP-2 individually and collectively "Plaintiff") files this complaint against HENRY CHUNG, an individual; MING CHEN, an individual; DEEPVAPES, INC., a California Corporation d/b/a BOOM VAPORIZER; DOES 1-10, inclusive, (collectively as "Defendants") for infringement of U.S. Patent No. 9,750,284 ("the '284 patent") and hereby alleges as follows:

## NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## PARTIES

2. Lubby is a Delaware limited liability company with its principal place of business in Los Angeles County, California.

3. Upon information and belief, Defendant Henry Chung is an individual residing in Los Angeles County at 596 Vista Rambla, Walnut California 91789.

4. Upon information and belief, Defendant Henry Chung is the majority shareholder of DEEPVAPES, INC. d/b/a BOOM VAPORIZER.

5. Ming Chen is an individual listed as CEO, Secretary and CFO for DEEPVAPES Inc. a California Corporation.

6. Upon information and belief, DEEPVAPES INC. is a California Corporation with a principal place of business at 300 s. Lemon Creek Unit A Walnut CA 91789.

7. Upon information and belief, DEEPVAPES INC., does business under the fictitious business name of BOOM VAPORIZER located at 20101 E Valley STE A Walnut, CA 91789.

8. Upon information and belief, HENRY CHUNG, an individual; MING CHEN, an individual; DEEPVAPES, INC., a California Corporation d/b/a BOOM

1
CERTIFICATE OF SERVICE

VAPORIZER are agents, subsidiaries, and/or alter egos, and under single control of each other.

9. The true names and capacities of other unidentified defendants, currently sued as DOE defendants, are presently unknown to Plaintiff. Plaintiff reserves the right to later seek leave of this Court to amend this Complaint accordingly once the information becomes available.

## JURISDICTION AND VENUE

10. This is an action for patent infringement arising under the Patent Laws of the United States, United States Code, Title 35, § 1, et seq. This Court has subject matter jurisdiction over the complaint pursuant to 28 U.S.C. §§1331 and 1338.

11. Personal jurisdiction exists generally over each of the Defendants because each Defendant has sufficient minimum contacts with the forum as a result of their residences and because of business conducted within this State and District. Personal jurisdiction also exists specifically over each of the Defendants because each, directly or through affiliates, subsidiaries or intermediaries, transacts business by offering for sale products and services that are used within this District.

12. On information and belief, the venue is proper, under 28 U.S.C. §§ 1391 and 1400.

## THE PATENTS-IN-SUIT

13. United States Patent No. 9,750,284 (the "'284 Patent"), entitled "Personal Vaporizer," was duly and legally issued by the United States Patent and Trademark Office to Lubby on September 5, 2017. A copy of the '284 patent is attached hereto as Exhibit A.

14. Lubby is the exclusive owner of the '284 patent and VAP-2 is a non-exclusive licensee and both have the right to bring this suit to recover damages for any current or past infringement of these patents.

## VAPORIZERS

15. A personal vaporizer is configured to be usable both for non-liquid

2
PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS FOR PATENT INFRINGEMENT

ADLI LAW GROUP, P.C.
(213) 623-6546
2087.202

vaporizing media and for liquid vaporizing media. In some embodiments an electrically conductive check valve blocks vaporizing media from leaking out of air intake apertures during periods of nonuse and delivers electric power to a heating element during use. In some embodiments, no wick structures extend into a fluid chamber, but a wick extends from a wick holder downstream of the fluid chamber to a vaporizing chamber.

16. The '284 Patent describes is in part a personal vaporizer comprising of:

   a. a tank module comprising a fluid chamber and a vapor passage extending through the fluid chamber, the fluid chamber configured to contain a vaporizing solution;

   b. an atomizer module comprising a bowl having an upper edge, a coil being arranged in or adjacent the bowl, the bowl being configured to accept a vaporizing solution received from the fluid chamber;

   c. a check valve comprising an insulator housing, a conductive shell inside the insulator housing, and a sealing mechanism inside the conductive shell, the sealing mechanism providing a seal inside the conductive shell; and

   d. a battery assembly, the atomizer module connectable to the battery assembly through the check valve so that actuation of the battery delivers electrical energy to the coil, causing the coil to heat and vaporize the vaporizing solution.

17. The atomizer for a The '284 Patent, comprises of:

   a. a housing having a distal end and a proximal end, the housing comprising an electrically conductive material, the distal end configured to be attachable to a first pole of a battery so that the distal end electrically communicates with the battery;

   b. an atomizer bowl arranged within the housing, the atomizer bowl comprising a side wall and a bottom wall, the atomizer bowl configured

to receive vaporizing media;

c. a heating element disposed at least partially within the atomizer bowl, the heating element having a first wire end portion and a second wire end portion, the heating element configured to produce heat when electric energy is applied across the first wire end portion and the second wire end portion;

d. a check valve having a valve body and a sealing structure, the valve body extending from a distal end to a proximal end and configured to communicate electricity from the distal end to the proximal end, the distal end configured to be attachable to a second pole of the battery, the sealing structure configured to accommodate flow therethrough in a distal-to-proximal direction, but to resist flow therethrough in a proximal-to-distal direction;

e. wherein the first wire end portion is in electrical communication with the proximal end of the valve body and the second wire end portion is in electrical communication with the housing.

## **INFRINGEMENT OF THE '284 PATENT**

18. On information and belief, Defendants market themselves as suppliers of Vaper products, and on information and belief operate DEEPVAPES, INC., Boom Vaporizer, www.boomvaporizer.com, and other unknown businesses and entities that, without permission or authorization, manufacture, use, sell, offer for sale, and/or import products which use or incorporates one or more of the claims of the '284 Patent, including, without limitation, the products CONSEAL A and CONSEAL B E-cigarette, (the products collectively, "Accused Products") as shown, for example, by Exhibit B, either directly or indirectly through its subsidiaries or affiliates, to customers throughout the United States, including in this District.

19. Upon information and belief, Defendants intentionally had the Accused Products use or incorporate one or more of the claims of the '284 Patent because of

4

PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS FOR PATENT INFRINGEMENT

the claims' application in the '284 Patent; and there is no substantial use for the Accused Products other than as described herein.

20. At least claims 1-6, 10, 14 and 16-18 of the '284 patent have been used in the Accused Products without Plaintiff's permission.

21. Third parties, including Defendants' customers, also, use one or more claims of the '284 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, the Accused Products.

22. Defendants have had the means and opportunity to access and consider all of the information of the '284 Patent, but continued to manufacture, use, sell, offer for sale, and/or import products which use or incorporate one or more of the claims of the '284 Patent without permission while knowing their actions were not lawful, either by reading and considering this information, or by purposefully ignoring the information, and continuing the infringing conduct.

23. Defendants have induced the use or incorporation, and continue to induce the use or incorporation, of one or more claims of the '284 patent under 35 U.S.C. § 271(b). Defendants actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce, use or incorporation, of one or more claims of the '284 patent by selling or otherwise supplying the Accused Products with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States, and/or import into the United States the Accused Products for their intended purpose to use or incorporate one or more claims of the '284 patent; and with the knowledge and intent to encourage and facilitate the use or incorporation of one or more claims of the '284 Patent through the dissemination of the Accused Products and/or the creation and dissemination of documentation and technical information related to the Accused Products.

24. Defendants have contributed to the use or incorporation of one or more claims of the '284 Patent by third parties, including Defendants' customers, and

continue to contribute to the use or incorporation of one or more claims of the '284 Patent by third parties, including Defendants' customers, of one or more claims of the '284 patent under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States and/or importing into the United States the Accused Products knowing that those products constitute a material part of the inventions of the '284 patent, knowing that those products are especially made or adapted to use or incorporate of one or more claims of the '284 Patent, and knowing that the Accused Products are not staple articles of commerce suitable for a substantial use other than described herein.

25. Plaintiff has been and continues to be damaged by Defendants' use or incorporation of one or more claims of the '284 Patent in the Accused Products.

26. Since having knowledge of the '284 patent, Defendants knew or should have known that, without taking a license to the '284 Patent, their actions continue to be unlawful. Therefore, Defendants' infringement has been and will continue to be willful.

27. Defendants' conduct in infringing the '284 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO 9,750,284

28. The allegations contained in paragraphs 1-27 above are repeated and realleged as if fully set forth herein.

29. Plaintiffs are the owners, assignees, and owner of the right, title, and interest in and to the '284 patent, now and for the entire period of and relevant to the Defendants' to the use or incorporation of one or more claims of the '284 Patent in te the Accused Products, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

30. Defendants are, and have been, on notice of the '284 patent since before this lawsuit was filed.

31. Defendants have directly infringed and/or indirectly infringed, literally and/or under the doctrine of equivalents, the '284 patent under 35 U.S.C. § 271.

32. Defendants have possessed and continue to possess the specific intent to encourage direct and indirect infringement of the '284 Patent by distributors and retailers who make, sell, or use the Accused Products that embody or otherwise practice one or more of the claims of the '284 Patent.

33. Defendants' actions, including their sales, advertising, and instructions, have induced direct infringement by distributors and retailers who make, sell, or use products that embody or otherwise practice one or more of the claims of the '284 Patent.

34. Defendants knew or should have known that their actions would induce direct infringement by distributors and retailers who make, sell, or use products that embody or otherwise practice one or more of the claims of the '284 Patent.

35. Defendants have promoted the sale of the Accused Products in this district either directly or through their distributors and retailers.

36. Upon information and belief, Plaintiffs allege that Defendants will continue to make, sell, or use products that embody or otherwise practice one or more of the claims of the '284 Patent unless enjoined by this Court.

37. Upon information and belief, Plaintiffs allege Defendants' infringement of the '284 Patent is, has been, and continues to be willful and deliberate.

38. As a direct and proximate result of Defendants' infringement of the '284 Patent, Plaintiffs have been and continue to be damaged in an amount yet to be determined.

39. By reason of the above acts, Defendants have caused, are causing, and unless enjoined and restrained by this court, will continue to cause Plaintiffs great and irreparable injury to, among other things, the good will and business reputation of Plaintiffs, all of which cannot be adequately compensated or measured in money.

/ / /

/ / /

/ / /

# **PRAYER FOR JUDGMENT AND RELIEF**

WHEREFORE, Plaintiff prays for judgment in its favor and against the Defendants as follows:

A. Defendants have infringed one or more claims of the '284 patent;

B. Plaintiffs be awarded all damages adequate to compensate for Defendants' infringement of the '284 patent, such damages to be determined by a jury with pre-judgment and post-judgment interest;

C. Awarding Plaintiffs damages adequate to compensate for Defendants' infringing activities, including supplemental damages for any post-verdict infringement up until entry of the final judgment with an accounting as needed, together with prejudgment and post-judgment interest on the damages awarded; all of these damages to be enhanced in an amount up to treble the amount of compensatory damages as justified under 35 U.S.C. § 284;

D. A judgment that the infringement was willful and that such damages be trebled;

E. An order permanently enjoining Defendants and their officers, agents, servants and employees, privies, and all persons in concert or participation with it, from further infringement of the '284 patent;

F. That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded attorney fees, costs, and expenses incurred in connection with this action; and

G. That Plaintiff be awarded such other and further relief as this Court deems just and proper.

ADLI LAW GROUP, P.C.

Dated: January 26, 2018

/s/ Dariush G. Adli
Dariush G. Adli
Drew H. Sherman
Joshua H. Eichenstein
*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a trial by jury on all issues so triable.

ADLI LAW GROUP, P.C.

Dated: January 26, 2018          /s/ Dariush G. Adli
                                 Dariush G. Adli
                                 Drew H. Sherman
                                 Joshua H. Eichenstein
                                 *Attorneys for Plaintiffs*