Jen-Feng Lee, SBN 204328
jflee@ltpacificlaw.com
Kenneth K. Tanji, Jr., SBN 162273
ktanji@ltpacificlaw.com
**LT Pacific Law Group, LLP**
17800 Castleton Street, #560
City of Industry, CA 91748
T: 626-810-7200
F: 626-810-7300

Attorneys for Defendant
HENRY CHUNG

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUBBY HOLDINGS LLC, a Delaware limited liability company; VAPOROUS TECHNOLOGIES, INC., a Delaware corporation;<br><br>Plaintiffs,<br><br>vs.<br><br>HENRY CHUNG, an individual; MING CHEN, an individual; DEEPVAPES, INC., a California Corporation d/b/a BOOM VAPORIZER; DOES 1-10, inclusive,<br><br>Defendants. | No.  2:18-cv-00715-RGK-JC<br><br>**DEFENDANT HENRY CHUNG'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**<br><br>Date:          May 14, 2018<br>Time:         9:00 a.m.<br>Courtroom: 850<br>                    Roybal Federal Building |

**MEMORANDUM RE: DEFENDANT HENRY CHUNG'S MOTION TO DISMISS**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Defendant Henry Chung ("Chung") hereby moves to dismiss the Complaint filed by Plaintiffs Lubby Holdings LLC and Vaporous Technologies, Inc., (Docket #1) for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Defendant Chung operates his own vaping business. Defendant Chung developed his own technology that is incorporated into the products sold by his business. Plaintiff seeks to damage Chung by filing this unfounded action. As set forth below, Plaintiffs failed to plead the facts necessary to state a valid claim for relief in its Complaint against Defendant Chung.

## II.

## THE COMPLAINT

Plaintiffs' Complaint consists of one claim for Patent Infringement, accusing Chung of infringing claims of the '284 patent, entitled "Personal Vaporizer."

The Complaint alleges Chung manufactures, uses, sells, offers for sale, and/or imports products which use or incorporate one or more of claims 1-6, 10, 14, 16-18 of the '284 Patent (Complaint ¶¶18-20).

The Accused Products are described as including but not limited to CONSEAL A and CONSEAL B e-cigarette. (Complaint ¶18).

## III.

## LEGAL STANDARDS RE: 12(b)(6) MOTION TO DISMISS

Under Fed. R. Civ. P. 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." If a complaint fails to do this, the defendant may move to dismiss it under Rule 12(b)(6).

A motion to dismiss under FRCP 12(b)(6) tests whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When deciding a Rule 12(b)(6) motion, the court must accept the facts pleaded in the complaint as true, and construe them in the light most favorable to the plaintiff.  *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013).  The court, however, is not required to accept "legal conclusions … cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

After accepting all non-conclusory allegations as true and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the complaint alleges a plausible claim to relief.  *Iqbal* at 679-680.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged … The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id* at 678.

"[I]n the post-Twombly and Iqbal era, pleading on information and belief, without more, is insufficient to survive a motion to dismiss for failure to state a claim." *Solis v. City of Fresno*, No. 1:11-cv-00053 AWI GSA, 2012 WL 868681 *8 (E.D.Cal. March 13, 2012).  Now, the Plaintiff must on the face of the Complaint "provide the 'grounds' of his 'entitle[ment] to relief' … and a formulaic recitation of the elements of a cause of action will not do." *Twombly* at 555.

## IV.
## LEGAL STANDARDS RE: PLEADING CLAIM
## FOR PATENT INFRINGEMENT

The most recent amendments to the Federal Rules abrogated Rule 84.  FRCP 84 (abrogated).  Accordingly, Form 18 no longer provides a safe harbor for pleading direct infringement.

"[M]erely naming a product and providing a conclusory statement that it infringes a patent is insufficient to meet the 'plausibility' standard set forth in *Twombly*

---

**MEMORANDUM RE: DEFENDANT HENRY CHUNG'S MOTION TO DISMISS**

and *Iqbal*." *Medsquire LLC v. Spring Medical Sys., Inc.*, No. 2:11-cv-04504-JHN-PLA, 2011 WL 4101093, at *3 (C.D.Cal. Aug. 31, 2011).

To satisfy the requirements of *Iqbal* and *Twombly*, a plaintiff must "[P]rovide fair notice to [d]efendant of the specific infringements alleged. Sufficient allegations would include, at a minimum, a brief description of what the patent at issue does, and an allegation that certain named and specifically identified products or product components also do what the patent does, thereby raising a plausible claim that the named products are infringing." *Bender v. LG Elecs. U.S.A., Inc.*, No. C09-02114 JF (PVT), 2010 WL 889541 at *6 (N.D.Cal. March 10, 2010) (emphasis added).

To state a claim for patent infringement, Plaintiff must state allegations sufficient to permit the court to infer the accused product infringes each element of at least one claim. *Tannerite Sports, LLC v. Jerent Enterprises, LLC*, Case No. 15-cv-00180-AA, 2016 WL 1737740, at *3 (D. Or. May 2, 2016).

The complaint must identify the accused product and plead facts to show the accused product meets each and every limitation of at least one claim of the patent. *McAfee Enters., Inc. v. Yamaha Corp. of Am.*, No.2:16-2562-BRO (FFMx), 2016 WL 6920675 at *2-3 (C.D. Cal. June 24, 2016); *Agarwal v. Buchanan*, Case No. 17-cv-2182-BRO (MRWx), 2017 WL 5125752 at *4 (C.D.Cal. June 22, 2017).

In other words, Plaintiffs must plead sufficient facts to show that the accused products "practice all elements of a patent claim." *TeleSign Corp. v. Twilio, Inc.,* Case No. 16-cv-2106-PSG, 2016 WL 4703873, at *3 (C.D. Cal. Aug. 3, 2016).

## V.
## THE COMPLAINT FAILS TO STATE A CLAIM
## OF PATENT INFRINGEMENT

Plaintiffs' Complaint fails to meet the pleadings standard set forth in *Twombly* and *Iqbal*, and thus should be dismissed for failure to state a plausible claim for relief.

Plaintiffs make only conclusory statements about Plaintiffs' alleged practice of the claimed methods.  The only "factual" allegations Plaintiffs makes <u>are on information and belief</u> (Complaint ¶¶18-19).

It is insufficient for Plaintiffs to simply recite claim elements and say the elements are met by the accused products.  Plaintiffs must provide a plain explanation for why or how the claim allegedly reads on the accused products.  In *McAfee* and *Agarwal*, the Court found sufficient pleading where the patentee alleged specific features of the accused products that are alleged to infringe the claims of the respective patents at issue (in *McAfee*, the accused product's "Fast Blast" feature; in *Agarwal*: magnets worn by the user of the accused product).

In contrast, other than identifying certain asserted claims 1-6, 10, 14, 16-18 (Complaint ¶20), Plaintiffs failed to state in any detail how the accused products, CONSEAL A and CONSEAL B E-cigarette allegedly infringed the '284 Patent.  Nor does the Complaint describe how any of Chung's products relate to the '284 Patent claims in general.

If Plaintiffs brought this action in good faith, they should be able to describe how they believe Chung's product infringe the '284 Patent.  Other than the foregoing conclusory allegation that was adapted from the language of 35 U.S.C. §271, the Complaint contains no specific factual allegations of the infringement by Defendant's accused products.

Plaintiff's single conclusory allegation is precisely the type of legal assertion the Court need not accept as true.  *Apollo Fin., LLC v. Cisco Sys., Inc.*, 190 F. Supp.3d 939, 942 (C.D.Cal. 2016).

In summary, Chung has no basis upon which to determine the plausibility of Plaintiffs' claims and respond to the Complaint's allegations of patent infringement.

## VI.
## CONCLUSION

---

**MEMORANDUM RE: DEFENDANT HENRY CHUNG'S MOTION TO DISMISS**

For these reasons stated above, Plaintiffs' Complaint fails to meet the notice pleading requirements of Fed.R.Civ. Proc. 8, *Iqbal* and *Twombly*. Chung respectfully requests the Court dismiss the Complaint in its entirety for failure to state a claim upon which relief may be granted.

Respectfully Submitted,
LT PACIFIC LAW GROUP LLP

Dated: March 30, 2018

By: /s/Jen-Feng Lee

Jen-Feng Lee
Kenneth Tanji, Jr.
Attorneys for Defendant, Henry Chung

# PROOF OF SERVICE

The undersigned certifies that the foregoing document, **DEFENDANT HENRY CHUNG'S MEMORANDUM OF POINTS AND AUTHORITIES ISO the MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**, was filed electronically in compliance with Local Rule 5 – 3.3 and Federal Rules of Civil Procedure.  As such, this document was served on all counsel deemed to have consented to electronic service.  Local Rule 5 – 4.1.3. All other counsel of record or per se parties not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. Mail, as identified below:

  NONE.

On this 30th day of March, 2018.

                         /s/Jen-Feng Lee_____
                         Jen-Feng Lee

---