Dariush G. Adli, Esq. (SBN: 204959)
 adli@adlilaw.com
Drew H. Sherman, Esq. (SBN: 237045)
 drew.sherman@adlilaw.com
Joshua H. Eichenstein (SBN: 299392)
 Josh.eichenstein@adlilaw.com
ADLI LAW GROUP, P.C.
444 South Flower Street, Suite 3100
Los Angeles, California 90071
Telephone: 213-623-6546
Facsimile: 213-623-6554

Attorneys for Plaintiffs
Lubby Holdings LLC,
Vaporous Technologies, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUBBY HOLDINGS LLC, a Delaware limited liability company; VAPOROUS TECHNOLOGIES, INC., a Delaware corporation;<br><br>*Plaintiffs*,<br><br>v.<br><br>HENRY CHUNG, an individual; MING CHEN, an individual; DEEPVAPES, INC., a California Corporation d/b/a BOOM VAPORIZER; DOES 1-10, inclusive,<br><br>*Defendants*. | Case No: 2:18-cv-00715-RGK-JC<br><br>*Honorable R. Gary Klausner*<br>*United States District Judge*<br><br>**PLAINTIFF LUBBY HOLDINGS, LLC., et. al. CONTENTIONS OF FACT AND LAW**<br><br>**Pretrial Conference:**<br>**March 18, 2019 at 09:00 AM**<br><br>**Jury Trial Date:**<br>**April 2, 2019 at 09:00 AM** |

## **MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Pursuant to Local Rule 16-4, Plaintiffs Lubby Holdings LLC, and Vaporous Technologies, Inc. (hereinafter collectively as "Plaintiffs" submit their Memorandum of Contentions of Fact and Law. Claims and Defenses. Plaintiffs have pleaded and indicated they plan to puruse the following claims agasint Defendants HENRY CHUNG, an individual; MING CHEN, an individual; DEEPVAPES, INC., a California Corporation d/b/a BOOM VAPORIZER.

### A. **Summary of Plaintiffs' Claims:**

- CLAIM 1: Defendants knowingly and willfully infringed Plaintiffs' exclusive rights to patent No. 9,750,284 (hereinafter "the '284 Patent" or "the Patent In Suit") under 35 U.S.C § 271;

The elements required to establish a claim for patent infringement are:

1. Defendants have made, used, sold, offered for sale, or imported within the United States a product; and

2. Defendants' product include each and every element of at least one asserted claim of the Patent In Suit.

The elements required to establish willful infringement are:

1. Infringement of a patent claim, and

2. The preponderance of the evidence indicates that Defendants intentionally ignored or recklessly disregarded the claims of '284 Patent.

See N.D. Cal. Model Jury Instructions §§ 3.2, 3.3, 3.10. *Apple Inc. v. Samsung Elecs. Co.,* 258 F. Supp. 3d 1013, 1023 (N.D. Cal. 2017)

### B. **Summary of Plaintiff's Key Evidence in Support of its claims**

- Testimony of Plaintiff's Expert: Andreas Brekke establishing infringement of the '284 Patent
- Andreas Brekke' written analysis and acocmpanying Exhibits establishing infringement of the '284 Patent

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

2087.202

- Testimony of Christian Rado concering inventorship the Patent In Suit, and relationship with Defendants, specificallt Henry Chung
- Evidence showing NDA between Rado and Chung dated July 22, 2015 which involved sharing confidential information from Plaintiff to Defendant
- Evidence showing second NDA between Plaintiff and Henry Chung dated October 27, 2015
- Evidence showing supply agreement dated October 14, 2015 between Plaintiff and Defendant
- Evidence showing Henry Chung is the registrant, admin and tech contat for BoomVaporizer.com;
- Evidence showing email communications between Parties establishing willfulness;
- The issued '284 Patent;
- The prosecution history file of the '284 Patent.

### C. **DEFENDANT'S AFFIRMATIVE DEFENSES:**

In the Rule 16 conference of Counsel, the Defendants did not state their intention to assert any affirmative defenses.

### D. **Anticipated Evidenary Issues:**

The deadline to file motions in limine has passed and Defendants have not filed any. Therefore Defendants have waived any evidenatiry issues they may have against Plaintiff's evidence. No evidentary issues were identified in the Rule 16 Conference of counsel. Plaintiffs anticipate a disagreement regarding Defendant's evidence regarding sales of infringing products.

### E. **Anticipated Issues of Law**

Plaintiffs are not aware of any issues of law and none were discussed during the Rule 16 conference of counsel. Plaintiffs reserve the right to supplement this brief

if Defendants raise any further issues in this regard.

## I.     **Bifurcation of Issues**

Plaintiffs do not request bifurcation of any issues in this case.

## II.     **Jury Trial**

The Court set a jury trial in its July 16, 2018 Order (ECF Dkt. 28). The jury trial is currently set for April 2, 2019. All claims and affirmative defenses are triable to a jury.

Enhanced Damages

Plaintiffs have contended that Defendants infringement of the '284 Patent was willful. Plaintiffs plan to ask the Court to award enhanced damages based on willfulness.

## III.     **Attorneys' Fees**

Plaintiffs request this case be declared exceptional within the meaning of 35 U.S.C. §285 as interpreted by the Supreme Court in *Octane Fitness,* and therefore entitled to attorneys' fees , costs, and expenses incurred in connection with the action as stated in its prayer for relief. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553 (2014)

The Court has discretion to award reasonable attorneys' fees and costs to the prevailing party in exceptional cases. *Id.*

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. Abandonment of Issues

Defendants abandoned all affirmative defenses.

Dated: February 25, 2019          ADLI LAW GROUP, P.C.

By: */s/ Dariush G. Adli*
    Dariush Adli
    Drew Sherman
    Joshua Eichenstein
    *Attorneys for Plaintiff*
    Lubby Holdings LLC,
    Vaporous Technologies, LLC