Jen-Feng Lee, SBN 204328
jflee@ltpacificlaw.com
Kenneth K. Tanji, Jr., SBN 162273
ktanji@ltpacificlaw.com
**LT Pacific Law Group, LLP**
17800 Castleton Street, #560
City of Industry, CA 91748
T: 626-810-7200
F: 626-810-7300

Attorneys for Defendant
HENRY CHUNG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUBBY HOLDINGS LLC, a Delaware limited liability company; VAPOROUS TECHNOLOGIES, INC., a Delaware corporation;<br><br>Plaintiffs,<br><br>vs.<br><br>HENRY CHUNG, an individual; MING CHEN, an individual; DEEPVAPES, INC., a California Corporation d/b/a BOOM VAPORIZER; DOES 1-10, inclusive,<br><br>Defendants. | No.   2:18-cv-00715-RGK-JC<br><br>DEFENDANT HENRY CHUNG'S Objections to Plaintiff's Additional Proposed Jury Instructions<br><br><br>FPTC:   03/18/2019,   9 am<br>Trial:    04/02/ 2019,  9 am<br><br>Hon. R. Gary Klausner |

Defendant Chung gave responses and objections to Plaintiff's additional jury instructions (filed in ECF #35), which were 17 days late when proposed to Defendant on 3/15/2019, in violation of the Court-ordered date, as stated below:

---

**DEFENDANT CHUNG'S Responses and Objections to Plaintiff's Additional Jury Instructions**

1

63311

**Jury Instruction 21**

**Damages Introduction**

If you find that Henry Chung or Deep Vapes infringed any valid claim of the '284 patent, you must then consider what amount of damages to award to Plaintiffs. I will now instruct you about the measure of damages. By instructing you on damages, I am not suggesting which party should win this case, on any issue. If you find that Henry Chung or Deep Vapes have not infringed any valid claim of the patent, then Plaintiffs is not entitled to any damages. The damages you award must be adequate to compensate Plaintiffs for the infringement. They are not meant to punish an infringer. Your damages award, if you reach this issue, should put Plaintiffs in approximately the same financial position that it would have been in had the infringement not occurred. Plaintiffs has the burden to establish the amount of its damages by a preponderance of the evidence. In other words, you should award only those damages that Plaintiffs establishes that it more likely than not suffered. While Plaintiffs is not required to prove the amount of its damages with mathematical precision, it must prove them with reasonable certainty. You may not award damages that are speculative, damages that are only possible, or damages that are based on guesswork. There are different types of damages that Plaintiffs may be entitled to recover. In this case, Plaintiffs seeks the lost profits, lost convoyed sales, or a reasonable royalty. Lost profits consist of any actual reduction in business profits Plaintiffs suffered as a result of Henry Chung or Deep Vapes's infringement. A reasonable royalty is defined as the money amount Plaintiffs and Henry Chung or Deep Vapes would have agreed upon as a fee for use of the invention at the time prior to when infringement began. But, regardless of the type of damages you may choose to award, you must be careful to ensure that award is no more or no less than the value of the patented invention.  I will give more detailed instructions regarding damages shortly. Note, however, that Plaintiffs is entitled to recover no less than a reasonable royalty for each infringing sale.

1   ~~When the amount of damages cannot be ascertained with precision, any doubts~~
2   ~~regarding the amount must be resolved against the Defendant. Any such adverse~~
3   ~~consequences must rest on the Defendant when the inability to ascertain lost profits is~~
4   ~~due to the Defendant's own failure to keep accurate records.~~

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant Chung's Response to Jury Instruction 21:

    Defendant accepted this instruction for compiling into a joint instruction set.

    Defendant maintained the objection of Untimeliness, and awaited Plaintiff's justification as to the more than two (2) weeks' delay in proposing this instruction, in violation of the Court ORDER FOR JURY TRIAL, ECF Dkt. 28, setting forth the schedule and the instruction of "STRICT COMPLIANCE WITH THE REQUIREMENT OF FED. R.CIV.P. 26 AND LOCAL RULES ARE REQUIRED BY THE COURT".

    The objection of Untimeliness is made especially in light of Plaintiffs' position that the belated jury instruction is based upon "recognized legal theory" and is the "law of the land".

**Additional Jury Instruction 1**

**Lost Profits-Factors to Consider**

Plaintiffs are entitled to lost profits if they prove each of the following: (1) That there was a demand for the patented product (2) That there were no available, acceptable, non-infringing substitute products, or, if there were, its market share of the number of the sales made by Defendants that Plaintiffs would have made, despite the availability of other acceptable non-infringing substitutes. (3) That Plaintiffs had the manufacturing and marketing capacity to make any infringing sales actually made by Defendants and for which Plaintiffs seeks an award of lost profits. (4) The amount of profit that Plaintiffs would have made if Defendants had not infringed.

Defendant Chung's Response to Additional Jury Instruction 1:

    Defendant accepted this instruction for compiling into a joint instruction set.

    Defendant maintained the objection of Untimeliness, and awaited Plaintiff's justification as to the more than two (2) weeks' delay in proposing this instruction, in violation of the Court ORDER FOR JURY TRIAL, ECF Dkt. 28, setting forth the schedule and the instruction of "STRICT COMPLIANCE WITH THE REQUIREMENT OF FED. R.CIV.P. 26 AND LOCAL RULES ARE REQUIRED BY THE COURT".

    The objection of Untimeliness is made especially in light of Plaintiffs' position that the belated jury instruction is based upon "recognized legal theory" and is the "law of the land".

**Additional Jury Instruction 2**

**Lost Profit-Market Share**

One-way Plaintiffs may prove the number of sales it would have made if the infringement had not happened is to prove its share of the relevant market excluding infringing products. You may award Plaintiffs a share of profits equal to that market share.

In deciding Plaintiffs' market share, you must decide which products are in Plaintiffs' market. Products are in the same market if they are sufficiently similar to compete against each other. Two products are sufficiently similar if one does not have a significantly higher price than or possess characteristics significantly different than the other.

Defendant Chung's Response to Additional Jury Instruction 2:

    Defendant accepted this instruction for compiling into a joint instruction set.

    Defendant maintained the objection of Untimeliness, and awaited Plaintiff's justification as to the more than two (2) weeks' delay in proposing this instruction, in violation of the Court ORDER FOR JURY TRIAL, ECF Dkt. 28, setting forth the schedule and the instruction of "STRICT COMPLIANCE WITH THE REQUIREMENT OF FED. R.CIV.P. 26 AND LOCAL RULES ARE REQUIRED BY THE COURT".

    The objection of Untimeliness is made especially in light of Plaintiffs' position that the belated jury instruction is based upon "recognized legal theory" and is the "law of the land".

**Additional Jury Instruction 3**

**Lost Profit-Non-Infringing Substitute**

An acceptable non-infringing substitute must include the advantages of the patented invention that were important to the actual buyers of the infringing product. A non-infringing substitute may be one that involved the modification of the infringing product to avoid infringement or the removal of the patented feature from the product altogether. To be an acceptable substitute, however, the substitute must have been available during the period when the infringing product was sold. A substitute may be considered available as a substitute even if it was not on sale during the infringement period, if, during that period, a competitor or Defendants had all the necessary equipment, materials, know-how, and experience to design and manufacture a non-infringing substitute and sell it to its customers. If some of Plaintiffs' customers would have been just as likely to purchase a non-infringing acceptable product as to purchase the Plaintiffs' product, then Defendants has not shown that but for Defendants' sales, it would have made the sales that Defendants made.

Defendant Chung's Response to Additional Jury Instruction 3:

Defendant objects to this instruction as incomplete and thus not correct statement of the law. Plaintiffs intentionally missed out one last sentence in the N.D. Cal. Model Jury Instruction that Plaintiffs purported to base upon.

Specifically, Plaintiffs missed out a crucial condition for damages computation:

<u>Even if you find that [accused infringer's] infringing sales and [patent holder's] patented products were the only ones with the advantages of the patented invention, [patent holder] is nevertheless required to prove that it, in fact, would have made the [accused infringer]'s infringing sales.</u>

As such, the presented **Additional Jury Instruction 3** is not recognized as the law of the land.

Defendant will accept this instruction for compiling into a joint instruction set if such crucial conditional is added back in.

Defendant maintained the objection of Untimeliness, and awaited Plaintiff's justification as to the more than two (2) weeks' delay in proposing this instruction, in violation of the Court ORDER FOR JURY TRIAL, ECF Dkt. 28, setting forth the schedule and the instruction of "STRICT COMPLIANCE WITH THE REQUIREMENT OF FED. R.CIV.P. 26 AND LOCAL RULES ARE REQUIRED BY THE COURT".

The objection of Untimeliness is made especially in light of Plaintiffs' position that the belated jury instruction is based upon "recognized legal theory" and is the "law of the land".

**Additional Jury Instruction 4**

**Lost Profit-Price Erosion**

Plaintiffs can recover additional damages if it can show to a reasonable probability that, if there had been no infringement, Plaintiffs would have been able to charge higher prices for some of its products. In that case, you may also award as additional damages the amount represented by the difference between the amount of profits that Plaintiffs would have made by selling its product at the higher price and the amount of profits Plaintiffs actually made by selling its product at the lower price that Plaintiffs charged for its product. This type of damage is referred to as price erosion damage.

If you find that Plaintiffs suffered price erosion, you may also use the higher price in determining Plaintiffs' lost profits from sales lost because of the infringement. In calculating a patentee's total losses from price erosion, you must take into account any drop in sales that would have resulted from a higher price.

You may also award as damages the amount of any increase in costs of Plaintiffs, such as additional marketing costs, caused by competition from the infringing product.

---

**DEFENDANT CHUNG'S Responses and Objections to Plaintiff's Additional Jury Instructions**

11

63311

Defendant Chung's Response to Additional Jury Instruction 4:

 Defendant accepted this instruction for compiling into a joint instruction set.

 Defendant maintained the objection of Untimeliness, and awaited Plaintiff's justification as to the more than two (2) weeks' delay in proposing this instruction, in violation of the Court ORDER FOR JURY TRIAL, ECF Dkt. 28, setting forth the schedule and the instruction of "STRICT COMPLIANCE WITH THE REQUIREMENT OF FED. R.CIV.P. 26 AND LOCAL RULES ARE REQUIRED BY THE COURT".

 The objection of Untimeliness is made especially in light of Plaintiffs' position that the belated jury instruction is based upon "recognized legal theory" and is the "law of the land".

**Additional Jury Instruction 5**

**Utility Patent Damages – Burden of Proof**

I will instruct you about the measure of damages for utility patent infringement. You must determine the amount of money damages to award to Plaintiff for Defendant's infringement. The amount of those damages must be adequate to compensate Plaintiff for the infringement. You should keep in mind that the damages you award are meant to compensate Plaintiff and not to punish Defendant. Plaintiff has the burden to persuade you of the amount of its damages. You should award only those damages that Plaintiff proves it suffered by a preponderance of the evidence. While Plaintiff is not required to prove its damages with mathematical precision, it must prove them with reasonable certainty. Plaintiff is not entitled to damages that are remote or speculative. Lubby seeks an award of Chung or his entities profits as its measure of potential recovery with respect to the sale of each unit of an infringing product.

Defendant Chung's Response to Additional Jury Instruction 5:

    The source of the instruction came from a 1940 case in Western District of Virginia. This is hardly the "law of the land". This is not from a commonly recognized jury instruction source, such as the Federal Circuit Bar Model Patent Instructions or Northern District of California Model Patent Jury Instructions that Plaintiffs and Defendant used and relied upon.

    Moreover, the legal points stated in this instruction are covered in **<u>Jury Instruction 21; Damages Introduction</u>**. This instruction is incomplete in light of No. 21 (**Damages Introduction**) and is confusing to the jury.

    Defendant maintained the objection of Untimeliness, and awaited Plaintiff's justification as to the more than two (2) weeks' delay in proposing this instruction, in violation of the Court ORDER FOR JURY TRIAL, ECF Dkt. 28, setting forth the schedule and the instruction of "STRICT COMPLIANCE WITH THE REQUIREMENT OF FED. R.CIV.P. 26 AND LOCAL RULES ARE REQUIRED BY THE COURT".

    Defendant questioned Plaintiffs' position that this belated jury instruction is based upon "recognized legal theory" and is the "law of the land", when the source is a W.D. Virginia court decision that's not binding on this Court.

Dated: March 21, 2019

LT PACIFIC LAW GROUP LLP

By: /s/Jen-Feng Lee
_____
Jen-Feng (Jeff) Lee
Kenneth Tanji, Jr.
Attorneys for Defendant, Henry Chung

---

**DEFENDANT CHUNG'S Responses and Objections to Plaintiff's Additional Jury Instructions**

63311

15

# PROOF OF SERVICE

The undersigned certifies that the foregoing document, **DEFENDANT Henry Chung's Responses and Objections to Plaintiffs' Additional Jury Instructions**, was filed electronically in compliance with Local Rule 5 – 3.3 and Federal Rules of Civil Procedure. As such, this document was served on all counsel deemed to have consented to electronic service. Local Rule 5 – 4.1.3. All other counsel of record or per se parties not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. Mail, as identified below:

NONE.

On this 21st Day of March, 2019.

/s/Jen-Feng Lee_____
Jen-Feng Lee