Jen-Feng Lee, SBN 204328
jflee@ltpacificlaw.com
Kenneth K. Tanji, Jr., SBN 162273
ktanji@ltpacificlaw.com
**LT Pacific Law Group, LLP**
17800 Castleton Street, #560
City of Industry, CA 91748
T: 626-810-7200
F: 626-810-7300

Attorneys for Defendant
HENRY CHUNG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUBBY HOLDINGS LLC, a Delaware limited liability company; VAPOROUS TECHNOLOGIES, INC., a Delaware corporation; | No.  2:18-cv-00715-RGK-JC |
| Plaintiffs, | DEFENDANT HENRY CHUNG'S **Brief**  re **Damages Disclosure and Sanctions** |
| vs. | |
| HENRY CHUNG, an individual; MING CHEN, an individual; DEEPVAPES, INC., a California Corporation d/b/a BOOM VAPORIZER; DOES 1-10, inclusive, | Hon. R. Gary Klausner |
| Defendants. | |

During Final Pre-Trial Conference held on 3/18/2019, parties reported to the Court regarding Rule 26 damages disclosure dispute that went on during the past month. Pursuant to the Court's order, Defendant Chung presents this brief.

**DEFENDANT CHUNG'S Brief re Damages Disclosure and Sanctions**

63311

1

**ISSUE**: Whether Plaintiffs complied with the Rule 26 damages disclosure obligation, and, if not, whether Rule 37 sanction should apply to Plaintiffs, forbidding the use at trial any information or evidence that is not properly disclosed.

**I. Summary Facts Leading Up to The Disputed Issue**

a. Fact discovery ended on January 4, 2019.

b. Parties timely exchanged expert reports on patent technical issues (infringement and invalidity); neither party engaged damages experts.

c. By 2/25/2019, when Plaintiffs filed their LR-16 Memorandum of Contention of Facts and Laws ("Contention", ECF #35), Plaintiffs did not make any rule-complaint disclosure re computation of damages.

d. Based upon all of Plaintiffs' disclosures, including all discovery documents, Defendant Chung did not receive the rule-compliant damages disclosure from Plaintiffs. See **Declaration by Defense Counsel**.

e. Starting on 2/26/2019, parties engaged in meet-and-confers (via letters, emails and phone conferences) related to Plaintiffs' failure to make proper damages disclosure during discovery, including their pre-trial disclosure obligation under Rule 26(c). Defendant's letters are attached as **Exhibit A**.

f. Plaintiffs provided no "computation of damages" of any kind related to how, or how much, they plan to seek for damages under the Lost Profit category or the Reasonable Royalty category. (The only "damages computation" Plaintiffs provided was through a phone discussion where Plaintiffs' counsel indicated that they would seek $0.75-per-piece royalty, a figure first disclosed to Defendant during the 2/20/2019 mediation. However, there is no such disclosed basis, or formula of royalty demand, for the $0.75-per-piece royalty outside of the mediation context.)

---

**DEFENDANT CHUNG'S Brief re Damages Disclosure and Sanctions**

g. Plaintiffs pointed to their 1st Supplemental Rule 26(e) Disclosures (served on 1/3/2019) and asserted that they complied with the litigation rules re damages disclosure; said Supplemental Rule 26(e) Disclosure was attached as **Exhibit B.**

h. Given all of Plaintiffs' 35 pages of produced documents (excluding patent and prosecution files), the Rule 26(a) Initial Disclosure, the Supplemental Rule 26(e) Disclosure and tidbits gleaned from Plaintiffs' ECF #35 Contention, there is no computation of any kind related to the two categories of damages Plaintiffs are seeking: either Lost Profit or Reasonable Royalty

## II.    <u>Arguments</u>

Rule 26(a)(1)(A)(iii) requires disclosure of "computation of each category of damages claimed" by the Plaintiff. A plaintiff "cannot shift to the defendant the burden of attempting to determine the amount of the plaintiff's alleged damages." *Jackson v. United Artists Theatrie Circuit*, 278 F.R.D. 586, 593 (D. Nev. 2011). Defendants are not required to compute damages.

The damages disclosure obligation is codified in Rule 26(a) (Initial Disclosure") and is further included in Rule 26(e) (Supplemental Disclosure) and Rule 26(a)(3) (Pretrial Disclosure).

Simply providing documents or other information and assuming that the defendant will somehow divine the plaintiff's damages computation from those documents or other information is insufficient and not in accord with the requirements of Rule 26(a) and (e). *Patton v. Wal-Mart Stores,* 2013 wl 6158461, at *4.

Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly

---

**DEFENDANT CHUNG'S Brief re Damages Disclosure and Sanctions**

disclosed. *Ketab Corp. v. Mesriani Law Group*, 2016 WL 5921767, at *1 (citing to *Yeti by Molly v. Deckers Outdoors*, 259 F.3d 1101, 1106 (9th Cir. 2001)).

This point of law (Rule 26 obligation re disclosure of damages computation and Rule 37 "self-executing sanction unless justified") is abundantly clear.

This Court in fact dealt with a similar factual scenario and made a ruling consistent with the authorities cited herein. See *Hsu v. Thorsen Tool*, 2014 WL 12607677.

A few of the Central District of California similar rulings are given herein.

*Frontline Medical v. Coventry Health Care*, 263 FRD 567 (2009)

*Spin Master v. Zobmondo Entertainment*, 2011 WL 13127349.

*TCL Comm. v. Telefonaktiebolaget LM Ericsson*, 2016 WL 6562075.

*Bennion and Deville Fine Homes v. Windermere* , 2018 WL 4802011.

The court in *Hoffman v. Construction Protective Svs.*, 541 F.3d 1175, at 1180 (9th Cir. 2008) held that 'we reject the notion that the district court was required to make a finding of willfulness or bad faith to excluded the damages evidence. To the contrary, the portion of Rule 37 relied on by the district court has been described as "a self-executing, automatic sanction to provide a strong inducement for disclosure of materials" . . . The implementation of the sanction is appropriate "even when a litigant's entire cause of action … [will be] precluded"'.

During repeated meet-and-confers, Plaintiffs asserted, in counsel's 3/6/2019 11:23 pm email, that '[P]laintiff in our case has met its obligations for the damages calculations under these standards. Our client's supplemental disclosures states that we will seek damages in the form of "Plaintiff's losses from Defendants' sales of infringing products, as measured by Plaintiffs' retail price of each sale of Defendants' infringing products". Thus, from that statement, your client was able to gauge his risk factor and make informed decision for settlement and the litigation.'

---

**DEFENDANT CHUNG'S Brief re Damages Disclosure and Sanctions**

63311

Plaintiffs' Supplemental Rule 26(e) Disclosures (see **Exhibit B**) at most amounted to "broad types of damages", which fell short of the "lump sum statement of damages", much less a "more detailed specification of damages", as instructed by *City and County of San Francisco v. Tutor-Saliba Corp.*, 218 FRD 219, 221 (N.D. Cal. 2003).

For the claimed Lost Profit damages sought by Plaintiffs, the explanation in *Frontline Medical*, at 569 (citing to *Design Strategy v. Davis*, 469 F.3d 284, 295; 2nd Cir. 2006) is applicable: there is nothing close to the required "computation of expenses and lost profits", and supported by documents.

For the claimed Reasonable Royalty damages sought by Plaintiffs, the ruling in *Veritas Operating Corp. v Microsoft*, 2008 WL 657936 (adopted as 2008 WL 687116) is instructive: Microsoft's claim of reasonably royalty fee for the asserted 5,884,147 patent is denied for failure to provide a "specific computation of damages" that Veritas was entitled to.

The *TCL Comm, v. Telefonaktienbolaget* court gave a similar ruling: TCL's lack of making damages disclosure in its 26(a) and (e) disclosures, including all other discovery responses and productions, warranted the grant of defense motion of no damages, including its reasonable royalty claims.

### III.    Conclusion

During discovery, Defendant Chung produced the sales information of the accused products for Plaintiffs to engage in the needed computation of damages.

Leading up to the trial prep phase, Plaintiffs provided no rule-compliant disclosure of damages computation, given all the Plaintiffs' exhibits (Nos. 101 – 117, identified in Joint Exhibit List filed as ECF #36) and the "Summary of Plaintiffs' Key Evidence in Support of its claims" in Plaintiffs' Contention (ECF #35),  despite repeated meet-and-confers.

Plaintiffs' knowing violation of litigation rules should not be tolerated.

---

**DEFENDANT CHUNG'S Brief re Damages Disclosure and Sanctions**

The Court is respectfully urged to find that Plaintiffs' violation of Rule 26 damages computation obligation is deliberate and there is no justification to avoid the Rule 37 sanction.

The Court is respectfully urged to issue an order precluding Plaintiffs from introducing testimony or evidence regarding their damages claims, either in the form of Lost Profit or Reasonable Royalty.

Respectfully Submitted,
LT PACIFIC LAW GROUP LLP

Dated: March 21, 2019

/s/Jen-Feng Lee

By: _____
Jen-Feng (Jeff) Lee
Kenneth Tanji, Jr.
Attorneys for Defendant, Henry Chung

---

**DEFENDANT CHUNG'S Brief re Damages Disclosure and Sanctions**

63311

### **PROOF OF SERVICE**

The undersigned certifies that the foregoing document, **DEFENDANT Henry Chung's Brief re Damages Disclosure and Sanctions**, was filed electronically in compliance with Local Rule 5 – 3.3 and Federal Rules of Civil Procedure.  As such, this document was served on all counsel deemed to have consented to electronic service.  Local Rule 5 – 4.1.3.All other counsel of record or per se parties not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. Mail, as identified below:

NONE.

On this 21st ay of March, 2019.

/s/Jen-Feng Lee_____
Jen-Feng Lee

---

**DEFENDANT CHUNG'S Brief re Damages Disclosure and Sanctions**

63311