Dariush G. Adli, Esq. (SBN: 204959)
  adli@adlilaw.com
Drew H. Sherman, Esq. (SBN: 237045)
  drew.sherman@adlilaw.com
Joshua H. Eichenstein (SBN: 299392)
  Josh.eichenstein@adlilaw.com
ADLI LAW GROUP, P.C.
444 South Flower Street, Suite 3100
Los Angeles, California 90071
Telephone: 213-623-6546
Facsimile: 213-623-6554

Attorneys for Plaintiffs
Lubby Holdings LLC,
Vaporous Technologies, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUBBY HOLDINGS LLC, a Delaware limited liability company; VAPOROUS TECHNOLOGIES, INC., a Delaware corporation;<br><br>*Plaintiffs*,<br><br>v.<br><br>HENRY CHUNG, an individual; MING CHEN, an individual; DEEPVAPES, INC., a California Corporation d/b/a BOOM VAPORIZER; DOES 1-10, inclusive,<br><br>*Defendants*. | Case No: 2:18-cv-00715-RGK-JC<br><br>**PLAINTIFF LUBBY HOLDINGS, LLC.'S OPPOSITION TO DEFENDANTS' COURT REQUESTED BRIEF REGARDING DAMAGES CALCULATIONS**<br><br>**Trial Date: May 7, 2019**<br>**Time: 8:30 a.m.**<br>**Royball** |

Plaintiffs Lubby Holdings, LLC and Vaporous Technologies, INC. ("Plaintiffs") hereby submit this opposition (the "Opposition") to Defendants' brief regarding Plaintiffs' damages calculations (Dkt. No. 49) (the "Brief") as follows:

## I. **INTRODUCTION**

Plaintiffs apologize to the Court for having to spend its time and resources on this frivolous and unfounded Brief. Plaintiffs sought to engage with Defendants' counsel in good faith meet and confers since Defendants brought up the purported issue (See Declaration of Drew H. Sherman "Dec. of Sherman"). However, every time Plaintiffs' counsel engaged with Defendants' counsel regarding clarification as to Defendants' exact position on the matter and the authority for Defendants' position, Defendants' counsel pivoted to different arguments each time and finally cut off all meet and confer communications with Plaintiffs' counsel (See Dec. of Sherman).

It is telling that Defendants only attached to their brief their counsel's letters to Plaintiffs' counsel but did not attach the response from Plaintiffs' counsel. Indeed, attaching Plaintiff's counsel's responses to the meet and confer letters of Defendants' counsel would show that Defendants have provided this Court with half-truths, mis-direction, fabrications of the record, and red-herrings on this issue; clearly this Brief is the personification of the idiom that "desperate times call for desperate measures." Defendants' position on this issue is nothing more than a house of cards that will collapse with a faint breeze.

Plaintiffs are baffled by this "motion," especially since they kept requesting Defendants clarify their position on this issue and provide the authority upon which the Defendants rely (See Dec. of Sherman). Defendants never specifically responded to Plaintiffs' requests and the authority they now cite in their Brief was never put forth by the Defendants' counsel during the meet and confer discussions and letters (See Dec. of Sherman). Though none of Defendants authorities cited in the Brief are applicable, bringing them to the attention of Plaintiffs' counsel during

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546
1920.201

the meet and confer process might have helped clarify the issue and avoided Defendants' having to waste this Court's time and resources in dealing with the Brief (See Dec. of Sherman).

In truth, Plaintiffs have met all obligations required by the Rules of Civil Procedure, including those relating to damages calculations. Plaintiffs have disclosed all documents and witnesses they intend use to prove their case, including their burden of proof on damages (See Dec. of Sherman). Plaintiffs have served their initial Rule 26(a) disclosures, their supplemental Rule 26(e) disclosures, and their pre-trial disclosures. Plaintiffs have not failed to disclose, Rule 37 sanctions are not proper or warranted, and the Defendants' request in the Brief should be summarily denied[1].

## II. BRIEF PROCEDURAL HISTORY AND STATEMENT OF FACT

The Parties to the action at bar have been engaged in multiple litigations in federal and state courts for almost three (3) years. In fact, this District Court granted summary judgment in favor of Plaintiffs in a patent infringement litigation prosecuted by the Defendants against Plaintiffs involving one of the patents at issue that the Defendants are going to attempt to use to meet the burden of proof on their affirmative defenses (See C.D. Cal. No. 2:16-cv-08586-RSWL-PLA). Many of the same items for discovery were produced in that previous patent litigation as were produced by both sides in this litigation (See Dec. of Sherman).

Defendants served their initial Rule 26 disclosures on Plaintiffs and propounded their written discovery on Plaintiffs in August 2018. With stipulated extensions Plaintiffs responded to Defendants written requests for discovery in October 2018 (See Dec. of Sherman). Defendants also responded to Plaintiffs' discovery requests in August 2018 (See Dec. of Sherman). Plaintiffs served their initial Rule 26 disclosures, with damages calculations, on Defendants shortly

---

[1] Given Defendants' failure to truly meet and confer in good faith for this frivolous Brief, sanctions by this Court are warranted on this issue, if this Court deems it appropriate.

thereafter (See Dec. of Sherman). Plaintiffs then supplemented their responses to the Defendants written discovery requests and Rule 26 disclosures once before the close of fact discovery (See Dec. of Sherman). Those supplemental disclosures also contained a damages calculation.

No other written discovery requests were propounded on Plaintiffs by Defendants. Defendants did not request Plaintiffs' counsel to meet and confer in person or over the phone on any proposed discovery motions by Defendants (See Dec. of Sherman). Though both sides noticed depositions of each other's principals, the Parties could not coordinate deposition schedules before the close of fact discovery (See Dec. of Sherman).

Defendants' counsel first brought up the issue he has regarding the Plaintiffs' disclosures of damages calculations at the mediation in this case, February 8, 2019, just before the parties met and conferred for the final pre-trial conference (See Dec. of Sherman). After multiple phone calls and correspondence, Defendants' counsel cut off communications and gave up on a non-judicial remedy to the issue regarding the Plaintiffs' disclosures of damages calculations (See Dec. of Sherman). Defendants' request to file the Brief was their next action on the issue.

### III.   **ARGUMENT IN OPPOSITION TO THE BRIEF**

Plaintiffs' initial Rule 26(a) and supplemental Rule 26(e) disclosures state the following in the section for Damages Calculations:

> "Plaintiffs seek damages for patent infringement measured by the Defendants' sales of infringing products, a reasonable royalty for the sale of each infringing product, Plaintiff's losses from Defendants' sales of infringing products, as measured by Plaintiffs' retail price of each sale of Defendants' infringing products." (See Dec. of Sherman)

As the calculations of damages provided by the Plaintiffs in their Rule 26 disclosures allowed Defendants to understand the methodology Plaintiffs would be

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546
1920.201

using to calculate damages at trial, whereby Defendants could gauge their exposure, and whereas Defendants' arguments in the Brief does not explain how Plaintiffs' disclosures are deficient or how the cited authority applies, the Brief should not be considered by this Court.  Rule 37 sanctions against the Plaintiffs for failing to provide a damages calculation in their disclosures is not applicable for the action at bar.

### A. Defendants' Could Gauge Their Potential Exposure From Plaintiffs' Disclosures

"The 'computation' of damages required by Rule 26(a)(1)(C) contemplates some analysis," enough so that the opposing party can "understand the contours of its potential exposure [...]." *City & Cty. of San Francisco v. Tutor–Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003).  As a case cited by Defendants in the Brief appropriately put it, "[a]s this language [Fed Rule of Civ. Pro. 26(a)(1)(A)(iii)] indicates, for disclosures purposes damages are determined, not by actual cost, but by what the party claims. *Patton v. Wal-Mart Stores*, 2013 WL 6158461 at *4 (citing *Sylla–Sawdon v. Uniroyal Goodrich Tire Co.,* 47 F.3d 277, 284 (8th Cir.1995) (stating that the purpose of Rule 26(a) is to enable parties to prepare for trial, not calculate liability)).

In *Patton*, a magistrate judge granted the defendant's Rule 37 sanctions motion to exclude evidence of future medical expenses in a slip and fall case because the plaintiff supplemented her disclosures six (6) times but did not list a calculation or an actual number for future medical expenses until after the close of discovery. *Patton*, 2013 WL 6158461 at *4.  The plaintiff in *Patton* argued against sanctions in that, through her disclosures, she did inform the defendant that her medical expenses would increase as she scheduled future surgeries, and that plaintiff did provide defendants with records and bills from her surgery center.  The court was not persuaded by the plaintiff's argument, reasoning that the plaintiff engaged in gamesmanship Rule 26 and 37 seeks to preclude because the plaintiff

recharacterized over $100,000 in future medicals as past damages. *Id*. Moreover, the plaintiff's production of bills and records from her surgery did not satisfy the purpose of Rule 26 because it did not provide the defendant with any way to tell what the plaintiff was going to "claim" as damages. *Id*.

In the case at bar, Plaintiffs' disclosures do exactly what the plaintiff in *Patton* failed to do; calculate what the Plaintiffs are going to "claim" for their damages at trial. The calculations of damages in Plaintiffs' disclosures in this case state that Plaintiffs will claim the amount of dollars Defendants realized from the sales of the accused products, as well as the number of accused products sold by the Defendants multiplied by the Plaintiffs' retail price of similar products as damages (See Dec. of Sherman). Further, the Plaintiffs' disclosures list witnesses who will testify as to revenues taken in by both Plaintiffs and Defendants from these types of products (See Dec. of Sherman).

Thus, Defendants had a basis for approximating the amount exposure they would face because they knew the dollars they earned from the accused products (1 of 2 of Plaintiffs' ways to calculate damages) and the Defendants also knew the amount of accused products they sold (2 of 2 of Plaintiffs' ways to calculate damages). Albeit the second calculation method would require Defendants to perform some investigation as to the retail price of similar units, but Defendants were guided by the Plaintiffs' disclosures as to the witnesses who would testify as to the retail price of these products (See Dec. of Sherman). Hence, Plaintiffs' disclosures provided Defendants with a clear starting point to determine their potential exposure. The requirement and spirit of Rule 26 was met by Plaintiffs.

In *City and County of San Francisco*, no sanctions based on calculations of damages were even handed down. Rather, *City and County* states in general terms that aggregating damages caused by multiple defendants under multiple contracts for multiple causes of action is not compliant with what Rule 26 requires. *City & Cty. of San Francisco*, 218 F.R.D. at 221-222. In fact, City and County falls in

favor of the Plaintiffs in this case because the court there stated that specific dollar amounts are not required by Rule 26, nor are specifically detailed computations broken down by each alleged act for each alleged category of damages, as that is the type of information contention interrogatories are intended to discover. *Id*. Rather, *City and County* stands for the maxim that Rule 26 is intended to allow a defendant to do an analysis of exposure for settlement purposes by using a computation provided by the plaintiff. *Id*. at 221.

As discussed above, the Plaintiffs in the action at bar, have done just as the court in *City and County* stated was the intent of Rule 26. The Plaintiffs' disclosures provide computations for the Defendants to follow in calculating the potential risk they face by just doing some simple using variable that are already in their possession and control.

As such, Defendants' position in the Brief fails as Plaintiffs have met their obligation under Rule 26.

**B. A Reasonable Royalty Is Not A Computation For Disclosures**

The model jury instruction on "Reasonable Royalty" talks about value of the invention and hypothetical negotiations. These are very ambiguous concepts for a jury that is not made for an equation. However, Plaintiffs have disclosed that their witnesses will testify to the information which juries can consider for reasonable royalties. Defendants did not want to take their depositions. Plaintiffs were compliant with Rule 26.

## IV.     CONCLUSION

In conclusion, Plaintiffs request this Court deny Defendants' requested relief.

Dated: March 27, 2019	ADLI LAW GROUP, P.C.

By: */s/ Dariush G. Adli*
Dariush Adli
Drew Sherman
Joshua Eichenstein
Attorneys for Plaintiff
Lubby Holdings LLC,
Vaporous Technologies, LLC.

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document: **PLAINTIFF LUBBY HOLDINGS, LLC.'S OPPOSITION TO DEFENDANTS' COURT REQUESTED BRIEF REGARDING DAMAGES CALCULATIONS**

with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on March 27, 2019.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF System.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed March 27, 2019 in Los Angeles, California.

Dated: March 27, 2019            */s/ Drew H. Sherman*
                                 Drew H. Sherman, Esq.