Dariush G. Adli, SBN 204959
  adli@adlilaw.com
Drew H. Sherman, SBN 237045
  drew.sherman@adlilaw.com
Joshua H. Eichenstein SBN 299392
  Josh.Eichenstein@adlilaw.com
ADLI LAW GROUP, PC
444 South Flower St., Suite 3100
Los Angeles, California 90071
Telephone:  (213) 623-6546
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUBBY HOLDINGS LLC, a Delaware limited liability company; VAPOROUS TECHNOLOGIES, INC., a Delaware corporation;<br><br>    *Plaintiff*,<br><br>    vs.<br><br>HENRY CHUNG, an individual; MING CHEN, an individual; DEEPVAPES, INC., a California Corporation d/b/a BOOM VAPORIZER; DOES 1-10, inclusive,<br><br>    *Defendants*. | Case No: 2:18-cv-00715-RGK-JC<br><br>**PLAINTIFF'S SUPPLEMENTAL RULE 26(e) DISCLOSURES RELATING TO DAMAGES CALCULATIONS**<br><br>Complaint Filed:  January 26, 2018 |

Plaintiff, doing business under his corporate entity, is in the business of making, selling, marketing and distributing vaporizer products, including certain mechanical or electronic products that are invented and designed by Plaintiff. United States Patent No. 9,750,284 (the "'284 Patent"), entitled "Personal Vaporizer," was duly and legally issued by the United States Patent and Trademark Office to Lubby on September 5, 2017.  Lubby is the exclusive owner of the '284 patent and VAPOROUS TECHNOLOGIES, INC., is a nonexclusive licensee and both have the right to bring this suit to recover damages for any current or past infringement of these patents.

Plaintiffs Lubby Holdings LLC, a Delaware limited liability company and Vaporous Technologies, Inc., a Delaware corporation ("Plaintiffs"), serve this Supplemental Disclosure Statement Relating to damages calculations pursuant to Fed. R. Civ. Pro. 26(a)(1)(A)(iii) and 26(e) based on the information reasonably available to them at the time of service of this Supplemental Disclosure. Plaintiffs make this disclosure to the best of their abilities and reserve the right to supplement this disclosure under Fed. Rules of Civl Pro. 26(e).

## GENERAL STATEMENT

By making these disclosures, Plaintiffs does not waive any applicable privilege, work product or other objection, and reserve their right to object to the production or admissibility of any information included in the categories described below.  Subject to this general statement and the reservation of rights therein, Plaintiffs provides the following information:

**A. Fed. R. Civ. P. 26(a)(1)(A)(iii): Computation of Damages**

Plaintiffs seek damages for patent infringement based on the following computations and calculations:

1. Lost Profits:

    a. Wholesale: ($16.50 (Plaintiffs' 2016 wholesale price per unit for competitive product line to accused products containing Patent '284) -

1  $5.50 (Plaintiffs' 2016 cost per unit of competitive product line to
2  accused products with Patent '284)) x (36,453 (number of accused
3  products sold by Defendants) x 62% (Plaintiffs' percentage of overall
4  sales of competitive product line sold at the wholesale level)) =
5  $248,611.

   b. Retail: (($45 (Plaintiffs' 2016 retail price per unit for competitive product line to accused products containing Patent '284) - $5.50 (Plaintiffs' 2016 cost per unit of competitive product line to accused products with Patent '284)) x (36,453 (number of accused products sold by Defendants) x 38% (Plaintiffs' percentage of overall sales of competitive product line sold at the retail level)) =  $547,154.

   c. Total Lost Profits (Wholesale and Retail): $795,765

2. Reasonable Royalty: (($45 (Standard per unit retail price of competitive product line to accused products containing Patent '284) - $16.50 (Plaintiffs' 2016 wholesale price of competitive product line to accused products with Patent '284)) x 60% (Plaintiffs' royalty rate) x 36,453 (number of accused products sold by Defendants) =  $623,346.30.

3. Plaintiffs will also seek costs incurred in this action, including its attorneys' fees, and expert fees, which is determined by actual hard costs (filing fees, expert fees, etc.) plus reasonable attorney's fees under the *Octane* standard, as determined by multiplying the hours attorneys spend working on this case by their hourly rates.

ADLI LAW GROUP, P.C.

Dated: May 6, 2019     By  /s/ Drew H. Sherman
                                               Dariush Adli
                                               Drew H. Sherman
                                               Joshua Eichenstein
                                               Attorneys for Plaintiffs

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

## PROOF OF SERVICE

I am over eighteen (18) years of age, employed in the County of Los Angeles, and not a party to this action. My business address is 444 South Flower Street, Suite 3100, Los Angeles, California 90071. I hereby certify that on May 6, 2019, I served the following documents:

**PLAINTIFFS' SUPPLEMENTAL DISCLOSURES RELATING TO DAMAGES CALCULATIONS**

By delivering the document(s) to:

> Jen-Feng Lee (SBN: 204328)
> LT Pacific Law Group LLP
> 17800 Castelton Street, Suite 560
> City of Industry, California 91748
> Telephone: (626) 810-7200
> Facsimile: (626) 810-7300
> jflee@ltpacificlaw.com

BY E-MAIL. I sent an electronic mail with the document referenced above to the email addresses listed.

I declare, under penalty of perjury under the laws of the United States, that the foregoing is true and correct. Executed May 6, 2019 at Los Angeles, California.

/s/Drew H. Sherman
Drew H. Sherman