Jen-Feng Lee, SBN 204328
jflee@ltpacificlaw.com
Kenneth K. Tanji, Jr., SBN 162273
ktanji@ltpacificlaw.com
**LT Pacific Law Group, LLP**
17800 Castleton Street, #560
City of Industry, CA 91748
T: 626-810-7200
F: 626-810-7300

Attorneys for Defendant
HENRY CHUNG

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUBBY HOLDINGS LLC, a Delaware limited liability company; VAPOROUS TECHNOLOGIES, INC., a Delaware corporation; | No.  2:18-cv-00715-RGK-JC |
| | DEFENDANT HENRY CHUNG'S **Objection to Plaintiffs' Filing of Computation of Damages, ECF #62** |
| Plaintiffs, | |
| vs. | |
| HENRY CHUNG, an individual; MING CHEN, an individual; DEEPVAPES, INC., a California Corporation d/b/a BOOM VAPORIZER; DOES 1-10, inclusive, | |
| | Hon. R. Gary Klausner |
| Defendants. | |

Defendant objected to Plaintiff's filing of computation of damages ("Computation"), filed/served as ECF #62, as stated below:

---

**DEFENDANT CHUNG'S Objection to Plaintiffs' Computation of Damages (ECF #62)**

63311

1

**A.  Proper damages computation supported by laws and facts**

1.  There was no infringement before 9/5/2017. The '284 Patent was filed on 8/31/2016 and issued on 9/5/2017. As such, if Plaintiffs satisfied the section 287 "notice/marking" requirement on the first day of patent issuance, Plaintiffs might have a damages claims over 8,689 units of "infringing" products, having dollar amount of $42,284.30. See **Exhibit A** attached to counsel declaration.

2.  Plaintiffs stated, in response to interrogatories,  that they complied with the section 287 "notice/marking" requirement: "Plaintiff's online store references US Patent protection with each product". See **Exhibit B** attached to counsel declaration.

3.  Plaintiffs produced only one page of web document (P-026) that may be relevant to the section 287 "notice/marking" requirement. It can be seen that Plaintiffs did not comply. See **Exhibit C** attached to counsel declaration.

4.  This court is familiar with the requirements of section 287 "notice/marking". Brief excepts are attached in **Exhibit D** attached to counsel declaration.

5.  Defense counsel gave reminder to Plaintiffs' counsel that the ordered computation of damages filed should be warranted by existing law, not for improper purpose, and supported by the discovery production in this case. See **Exhibit E** attached to counsel declaration.

6.  The damages, if infringement is proven, **can only be based upon 408 units, with a total dollar amount of $1,986.46**. See ¶¶7-8 of counsel declaration.

---

**DEFENDANT CHUNG'S Objection to Plaintiffs' Computation of Damages (ECF #62)**

**B. Plaintiffs' baseless damages Computation is in violation of Rule 11**

1. Plaintiffs' Lost Profit computation is baseless

   a. As already explained in Defendant's LR 16-10 Trial Brief (ECF #59), there is no discovery production to support any claimed Lost Profit.

   b. None of the figures of $16.50, $5.50, 62%, 38%, or the lump sums of $248,611, $547,154, $795,765 were ever produced or disclosed.

   c. Plaintiffs completely ignored the 284 Patent was issued on 9/5/2017 and that they failed to satisfy the section 287 notice/marking requirement.

2. Plaintiffs' Reasonable Royalty computation is baseless

   a. As already explained in Defendant's ECF #59 Trail Brief, Plaintiffs had no documentary support/analysis to satisfy their reasonable royalty claims.

   b. None of the figures of $45, $5.50, or **60% royalty rate**, or the lump sum of $623,346.30, were ever produced or disclosed.

   c. Plaintiffs completely ignored the 284 Patent was issued on 9/5/2017 and that they failed to satisfy the section 287 notice/marking requirement.

3. Plaintiffs are asking for expert fees that they did not pay. Plaintiff's expert made express representation that the expert's work was free. ("I do not receive compensation for my time spent on this matter and will not be further compensated regardless the outcome of the case"; bottom of page 1 of expert report.)

---

**DEFENDANT CHUNG'S Objection to Plaintiffs' Computation of Damages (ECF #62)**

1

2        Defendant Chung objected to Plaintiffs' Computation because it is not

3  warranted by existing law and not supported by the discovery production in this

4  case, and appears to serve improper, and undisclosed, purposes.

5

6

7                                                    LT PACIFIC LAW GROUP LLP

8  Dated: May 6, 2019

9                                                    /s/Jen-Feng Lee
                                          By:    _____
10                                                   Jen-Feng (Jeff) Lee
                                                     Kenneth Tanji, Jr.
11                                                   Attorneys for Defendant, Henry Chung

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____

**DEFENDANT CHUNG'S Objection to Plaintiffs' Computation of Damages (ECF #62)**

1
2

**PROOF OF SERVICE**

3
4

The undersigned certifies that the foregoing document, **DEFENDANT**

5

**Henry Chung's Objection to Plaintiffs' Computation of Damages, ECF #62**,

6

was filed electronically in compliance with Local Rule 5 – 3.3 and Federal Rules of

7

Civil Procedure.  As such, this document was served on all counsel deemed to have

8

consented to electronic service.  Local Rule 5 – 4.1.3.All other counsel of record or

9

per se parties not deemed to have consented to electronic service were served with

10

a true and correct copy of the foregoing by U.S. Mail, as identified below:

11

NONE.

12
13

On this 6th Day of May, 2019.

14
15

/s/Jen-Feng Lee_____
Jen-Feng Lee

16
17
18
19
20
21
22
23
24
25
26
27
28

---

**DEFENDANT CHUNG'S Objection to Plaintiffs' Computation of Damages (ECF #62)**

63311