# Exhibit D-1

**Exhibit D-1**

Juno Manufacturing, LLC v. Nora Lighting, Inc.; Not Reported in Fed. Supp... (2015)

2015 WL 11438613

For the above reasons, the Court rejects Nora's request to construe the "whereby" clause at the end of Claim 1 to require that the score and break aperture both contribute to the selective fracturing. Since that forms the basis for Nora's only argument that its products did not literally infringe Claim 1 of the '419 Patent, the Court finds that the accused products literally infringe Claim 1. Thus, the Court **GRANTS** Plaintiff's Motion for Partial Summary Judgment as to infringement of Claim 1.

### B. Plaintiff Failed to Provide the Required Notice

In its own motion, Nora asserts that Juno failed to provide proper notice of the '419 Patent, and is therefore barred from recovering damages for patent infringement. The requisite notice can be actual or constructive. The parties' arguments focus primarily on the latter.

#### 1. *Constructive Notice*

The standard for constructive notice is set forth in 35 U.S.C. § 287(a). That section provides that notice to the public that a "patented article" is patented may be provided "by fixing thereon the word 'patent' or the abbreviation 'pat.', together with the number of the patent...." 35 U.S.C. § 287(a). [1] "[W]hen, from the character of the article, this can not be done," notice may be given "by fixing to [the patented article], or to the package wherein one or more of them is contained, a label containing a like notice." *Id.* If the patentee failed to provide constructive notice, "no damages shall be recovered by the patentee in any action for infringement" unless the patentee provided actual notice, in which case the patentee may recover damages only for infringement occurring after actual notice was provided. *Id.*

It is undisputed that Juno never fixed the words "patent" or "pat." along with the patent number to any of its bar hangers, either directly (such as by stamping them) or by applying labels. (*See* Pl.'s Stmt. Disputed Facts ("SDF"), Nos. 22, 26, ECF No. 59-1; Stauner Decl. ¶ 6.) Instead, beginning in November 2009, Juno began applying labels containing this information to one of two locations on its light fixture products: (1) the junction box, and (2) the inside of the light fixture housing. (Pl.'s SDF, Nos. 23-24; Stauner Decl., ¶ 6.)

**\*5** Yet even assuming the character of the article renders use of a label proper—and Juno does submit evidence to that effect—Juno does not demonstrate that the light fixture product as a whole qualifies as the "patented article" for purposes of the fixation requirement. To the contrary, the Second Circuit's opinion in *Lichtenstein v. Phipps*, 168 F. 61 (2d Cir. 1909), indicates that "patented article" refers to the individual patented component, rather than the broader unpatented product of which the component is a part. The plaintiff in *Lichtenstein* held a patent in the design of a hatband. *Id.* at 61. However, the plaintiff did not affix notice of the patent to the hatband, but instead to the lining on the inside of the hat. *Id.* at 62. The court held that this did not comply with a prior version of the statute at issue, which required that "the notice shall be affixed on the patented article." *Id.* The court reasoned that "[t]here was nothing to show whether the hat itself, the design of the hat, the lining, or the design of the band was patented." *Id.*

Similarly here, placing a label containing the '419 Patent number on the junction box or inside the light fixture housing did not indicate which component of the light fixture was patented. The most natural assumption would be that the patent number applied to the component to which the label was affixed, though that assumption would have been wrong. Thus, the Court finds that, as in *Lichtenstein*, fixing the label to a component of the product other than the one which is patented does not comply with the constructive notice provision of 35 U.S.C. § 287(a).

Juno cites two cases for the proposition that a discretionary or "rule of reason" analysis applies. However, the courts in those cases applied a more flexible analysis to the question of whether a patentee properly engaged in the alternative method of providing notice by affixing a label rather than marking the patented article directly. As explained above, the Court has assumed for the sake of argument that Juno was entitled to use a label here. Neither of the cited opinions address whether the label was properly located on the "patented article," as opposed to an alternative location, and therefore neither case governs the present inquiry. *See Sessions v. Romadka*, 145 U.S. 29, 49-50 (1892) ("[I]n a doubtful case, something must be left to the judgment of the patentee, who appears in this case to have complied with the alternative provision of the act, in affixing a label to the packages...."); *Global Traffic Techs. LLC v. Morgan,*

2015 WL 11438613

Nos. 2014-1537, 2014-1566, 2015 WL 3513416, at *8-9 (Fed. Cir. June 4, 2015) (unpublished) ("[W]hen a patentee marks the packaging rather than the article, the district court should evaluate the specific character of the article at issue.").

Therefore, Juno failed to provide constructive notice of the '419 Patent.

### 2. *Actual Notice*

Alternatively, a patentee may provide actual notice, which requires "an affirmative act on the part of the patentee which informs the defendant of infringement." *Lans v. Digital Equipment Corp.*, 252 F.3d 1320, 1327-28 (Fed. Cir. 2001) (internal quotation marks omitted). Such notice may be provided by filing an action for patent infringement. 35 U.S.C. § 287(a).

Juno does not contest Nora's assertion that it did not receive actual notice until Juno filed the present action on August 20, 2014. Juno Lighting's filing of the prior action on February 11, 2013 did not provide actual notice because Juno Lighting is not the patent owner. (Pl.'s SDF, No. 4 (Juno Manufacturing, LLC owned the patent rights); *Lans*, 252 F.3d at 1327 ("[N]otice from someone closely associated with the patentee does not satisfy § 287(a).").) It is undisputed that the '419 Patent expired on March 28, 2014, prior to the filing of the present action. (Pl.'s SDF, No. 13; Morseburg Decl. ¶ 2.) Thus, Juno did not provide Nora with actual notice during any period of Nora's infringing activity.

Because Juno did not provide actual or constructive notice of the '419 Patent, it may not recover damages for infringement. *See* 35 U.S.C. § 287(a). Therefore, the Court **GRANTS** Defendant's Motion for Summary Judgment. Since the Court grants Defendant's motion on this ground, it need not reach Defendant's alternative argument that damages are barred by the doctrine of laches.

### C. **Defendant's Counterclaims**

**\*6** In its motion, Defendant concedes that the resolution of Plaintiff's claim also resolves the issues raised by Defendant's counterclaims, as there "will no longer be any case or controversy between the parties." (Def.'s Mot., 1:16-18, 16:9-11.) Therefore, the Court **DISMISSES** Defendant's counterclaims.

### V. **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Partial Summary Judgment, **GRANTS** Defendant's Motion for Summary Judgment, and **DISMISSES** Defendant's counterclaims.

The parties are hereby ordered to file a joint proposed judgment consistent with this Order within ten (10) days.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2015 WL 11438613

---

Footnotes

1    In lieu of the patent number, the patentee may provide "an address of a posting on the Internet...." 35 U.S.C. § 287(a). However, this alternative is not relevant here.

---

**End of Document**                                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

# Exhibit D-2

**Exhibit D-2**

Katz argues that the Court should not grant summary judgment because "those systems may be infringed by Katz's unselected claims." (Katz Opp'n to AOL Mot. for Summ. J. at p. 28.) To survive AOL's motion, Katz has the burden of identifying some evidence that would allow a jury to conclude that Katz should be awarded damages. Here, Katz does not even argue that it is entitled to damages. Accordingly, this Court GRANTS AOL's motion for summary judgment and finds that Katz may not recover damages for any non-TEI Member Services.

**2. Damages Before April 2004 and After the Expiration of the Patents**

The accused TEI Member Services were not launched until April 2004 [6] and the remaining claims asserted against AOL expired on July 10, 2005 or December 20, 2005. As a result, AOL seeks a ruling that Katz may not recover damages for any activity prior to April 2004 and after the expiration of the patents.

In response, Katz argues that the " 'unselected' claims may give rise to damages in this period." (Katz Opp'n to AOL Mot. for Summ. J. at p. 28.) Katz raises two arguments in support of this position. First, Katz points out that the Court limited the number of claims it could assert. As a result, Katz argues that its due process rights would be violated if it were not allowed to collect damages for the entire term of its patent portfolio. Katz's argument might make sense if this Court only allowed Katz to select a representative sample of claims. That is not the case. This Court's limits were intended to prevent litigation of duplicative claims. It was not intended to curtail any of Katz's rights, nor were the limits absolute. This Court specifically invited Katz to file a motion to exceed the limits, provided Katz could justify each additional claim. Katz could have sought to add claims by explaining that they covered the same accused services, but had different terms. Katz did not do so. Accordingly, this Court rejects Katz's due process argument.

 **\*17** Second, Katz argues that there is sufficient evidence to suggest that in a hypothetical negotiation, the parties would have agreed to a portfolio license that included all of Katz's patents. However, Katz frames the negotiation incorrectly. The hypothetical negotiation can only concern the patents currently at issue. When that assumption is made, Katz's argument collapses.

Based on the foregoing, this Court GRANTS AOL's motion and finds that Katz may not recover damages for any activity prior to April 2004 and after the expiration of the asserted patents.

**3. Notice Under 35 U.S.C. § 287**

Under 35 U.S.C. § 287(a), a patentee making, offering for sale, or selling a patented article may not recover damages unless it has complied with the statute's marking requirements or until it has provided the infringer with actual notice of infringement. AOL argues that Katz failed to mark, and did not provide actual notice to AOL until September 1, 2006, when it filed the current lawsuit. Since the asserted patents all expired prior to that date, AOL concludes that Katz many not recover any damages.

Katz does not contend that it marked. Instead, Katz argues that beginning in August 2002, it did provide actual notice to AOL through a series of communications that offered to license the Katz patents. (Ex. 9 to Tcheng Decl. in Opp'n to AOL Mot. for Summ. J.) [7] As a threshold matter, the parties disagree on the level of specificity § 287(a) requires. Citing to *Amsted Indust. Inc. v. Buckeye Steel Castings Co.,* 24 F.3d 178 (Fed.Cir.1994), AOL argues that actual notice requires identifying a specific accused service. In *Amsted,* the Federal Circuit stated:

> For purposes of section 287(a), notice must be of "the infringement," not merely notice of the patent's existence or ownership. Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device. *Id.* at 187.

In contrast, Katz relies on *T.D. Williamson, Inc. v. Laymon,* 723 F.Supp. 587, 606 (N.D.Okla.1989) to argue that actual notice may be given before the act of infringement has taken place by merely providing notice of the patent number. However, *T.D. Williamson* does not stand for the proposition that providing a patent number by itself is sufficient notice. In *T.D. Williamson,* the notice letters warned of the specific proposed use that would constitute infringement, and the district court stated that there was "no possibility ... for confusion by the defendants about which devices [the patentee's] letters intended to cover." *Id.*

Here, Katz's correspondence lists the patents in the Katz portfolio (including the patents now being asserted)