Dariush G. Adli, Esq. (SBN: 204959)
  adli@adlilaw.com
Drew H. Sherman, Esq. (SBN: 237045)
  drew.sherman@adlilaw.com
Joshua H. Eichenstein (SBN: 299392)
  Josh.eichenstein@adlilaw.com
ADLI LAW GROUP, P.C.
444 South Flower Street, Suite 3100
Los Angeles, California 90071
Telephone: 213-623-6546
Facsimile: 213-623-6554

Attorneys for Plaintiffs
Lubby Holdings LLC,
Vaporous Technologies, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUBBY HOLDINGS LLC, a Delaware limited liability company; VAPOROUS TECHNOLOGIES, INC., a Delaware corporation;<br><br>*Plaintiffs*,<br><br>v.<br><br>HENRY CHUNG, an individual; MING CHEN, an individual; DEEPVAPES, INC., a California Corporation d/b/a BOOM VAPORIZER; DOES 1-10, inclusive,<br><br>*Defendants*. | Case No: 2:18-cv-00715-RGK-JC<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' SUPPLEMENTAL DISCLOSURES REGARDING DAMAGES CALCULATIONS**<br><br>**Trial Date: May 7, 2019**<br>**Time: 8:30 a.m.**<br>**Royball** |

Plaintiffs Lubby Holdings, LLC and Vaporous Technologies, INC. ("Plaintiffs") hereby submit this response (the "Response") to Defendants' objections (the "Objections") (Dkt. No. 63) regarding Plaintiffs' supplemental disclosures relating to damages calculations (Dkt. No. 62) (the "Damages Disclosure") as follows:

## I. INTRODUCTION

The time to take discovery in this case has passed. The time to move for summary judgment or partial summary judgment in this case has passed. The time for motions *in limine* in this case has passed. Yet, on the eve of trial, Defendants are attempting to "hoodwink" this Court and cure their own strategic miscalculations in not taking their opportunity to discover evidence, in not making a motion for summary judgment, and in not moving *in limine* for orders regarding evidence at trial with the Objections to the Damages Disclosure.

Defendants filed the Objections to the Damages Disclosure by asserting, essentially, two substantive arguments and labeling those arguments as objections. Defendants "objections" lie in a challenge to the Damages Disclosure based on patent marking and lack of documentary evidence produced supporting the Plaintiffs' damages calculations (See Dkt. No. 63 pg. 2). But these "objections" are improper, red herrings, and should be disregarded by this Court.

The issues of patent marking and timing of the commencement of damages are issues for the trier of fact to determine, not the Defendants and, respectively, not this Court. Regarding proper evidence supporting Plaintiffs' damages calculations, Defendants are simply incorrect, as Plaintiffs' have disclosed its intent to provide such evidence through witness testimony since the beginning of this action. As such, not only are the objections thinly veiled attempts to have this Court rule on untimely motions, but, even in substance, the Defendants "objections" are erroneous. Plaintiffs' Damages Disclosure is proper, accurate, and supported by competent evidence.

## II. RESPONSE TO OBJECTIONS

Amount of damages is an issue the jury will be tasked to decide, and the Plaintiffs' evidence of lost profits and reasonable royalty was disclosed to Defendants at the beginning of the period of fact discovery.

### A. Damages Is An Issue For The Trier Of Fact

Defendants object to the Damages Disclosure by complaining that the figures stated by Plaintiffs are too high because of the patent marking requirement vis-à-vis the time-frames of Defendants' sales of infringing products (See Dkt. No. 63 pg. 2:3-23). The Defendants argue that Plaintiffs' damages could not be on the entire amount of accused products sold by Defendants because, as Defendants argue in the Objections, most of the Defendants' sales of the accused products took place prior to the marking of the Plaintiffs' patent (See *Id.*) Defendants' arguments on this issue have three glaring problems.

First, Defendants' reliance on Exhibit A to the Objections is conjecture as Exhibit A does not state the timing of Defendants' sales of the accused products. Defendants object to Plaintiffs' numbers by pointing to Exhibit A and claiming that most of the Defendants' sales of the accused products occurred during a period before Plaintiffs began to be damaged (See Dkt. No. 63 pg. 2: 3-8). But Defendants' argument is pure fantasy because Exhibit A does not list date of sales (See Dkt. No. 63-2). As such, Defendants cannot rely on Exhibit A to evidence that any of the sales occurred at any specific point in time; Defendants' assertions are pure surmise. The only time frame listed is March 1, 2016 through February 1, 2018, which, as admitted by Defendants in their Objections, was after the time of the patent being marked (See Dkt. No. 63 pg. 2:3-4). Accordingly, this is a question of fact for the jury to decide.

Second, Defendants stipulated to jury instructions relating to these issues of fact. In fact, there are stipulated instructions regarding "Lost Profits" and "Reasonable Royalty" (See Dkt. No. 44, Instructions 22-26). If Defendants felt

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1920.201

Plaintiffs had no evidence to present regarding Lost Profits or Royalties, then Defendants should have objected to the jury instructions being offered for trial. But Defendants stipulated to such instructions. Hence, Defendants tacitly, if not expressly, agree that the determination of Plaintiffs' lost profits and a reasonable royalty rate as a measure of damages for infringement are fact determinations reserved for the jury to decide. Thus, it is the Defendants who violated Rule 11 by filing the Objections, knowing the pleading had no basis in fact or law, not Plaintiffs' filing of the Damages Disclosure.

Third, as is the underlying theme for the first two problems with the Objections, as outlined above, the issues raised by the Objections are questions of fact solely reserved for the jury to decide. As the maxim goes, "judges decide law, juries decide facts." All the issues raised by the objections-whether Defendants infringed the '284 Patent, when the Defendants infringed, if Plaintiffs adhered to the marking requirement, when Plaintiffs started to be damaged by the Defendants, and how much the Plaintiffs were damaged by the Defendants-are all questions of fact for the jury to decide. Defendants are aware such is the case, as the Defendants have stipulated to jury instructions relating to these issues or have not objected to such jury instructions being included, generally, with the rest of the jury instructions[1].

Indeed, the Objections have no foundation in fact as the Defendants have allowed jury instructions to enter the record regarding the premises they now dispute as being proper to include in this litigation. Further, the Defendants' reliance on Exhibit A for their position is spurious as their analysis is made-up and not supported by Exhibit A.

---

[1] Those instructions Defendants did not stipulate to, are based on the language to be used in the instruction, not the legal or factual premise of the instruction.

### B. Plaintiffs Disclosed The Evidence They Intended To Use At Trial

Defendants second "objection" lies in their allegation that Plaintiffs failed to disclose or produce evidence supporting their claims for lost profits or reasonable royalty (See Dkt. No. 63 pg. 3:2-19). Once again, this "objection" addresses a subject matter/legal argument that falls within the scope of a summary judgment motion or motion *in limine* and is not proper the day before the start of trial. Regardless of the procedural transgression of the Objections, the Defendants are simply wrong. In fact, Plaintiffs did disclose the source of such evidence. However, the Defendants did not seize their opportunity to explore that evidence.

The Damages Disclosure is the Plaintiffs' third Rule 26(a)(1)(A) disclosure in this litigation. Yet, in the Plaintiffs' initial Rule 26(a)(1)(A) disclosures, the Plaintiffs listed the Person Most Knowledge from both Plaintiffs as being a person who would provide testimony regarding the "use, invention, and *revenues derived from the '284 Patent*." See Declaration of Drew H. Sherman (emphasis added). Consequently, the Plaintiffs did disclose their evidence relating to lost profits and reasonable royalty; the testimony of witnesses with personal knowledge is the evidence to support their damages computations.

Defendants' argument that damages computations must be supported by documents is specious. Witness testimony is evidence. Fed. Rules of Civ. Pro. 43. Furthermore, testimony regarding patent damages (lost profits and reasonable royalties), without any supporting documents, has been consistently recognized as being competent, satisfactory evidence to allow a jury to decide whether to award damages and the amount of damages to be awarded in a patent infringement case. *Seitz v. Envirotech Systems Worldwide Inc.*, 2008 WL 656513, *5-*6 (S.D. Tex. 2008) (denying accused infringer's motion to strike the inventor/patentee's testimony as to lost profits and reasonable royalty damages and ruling that while the inventor did not qualify as an "expert" under FRE 702 to give opinion testimony, his personal experience in running his company made him competent to give lay

opinion testimony as to lost profits and a reasonable royalty); *See also Minks v. Polaris Industries, Inc.*, 2009 WL 3028994, *4 (M.D. Fla. 2009); and *Bowling v. Hasbro, Inc.*, 582 F. Supp. 2d 192, 203 (D.R.I. 2008). Plaintiffs did disclose the evidence they intended to use at trial to support their damages computations. Defendants never noticed the depositions of those witnesses.

Consequently, the Objections are meritless as being with support in fact or law, and the Plaintiffs' evidence on lost profits and reasonable royalties is admissible and competent.

### III.    CONCLUSION

In conclusion, Plaintiffs request this Court strike and/or overrule Defendants' Objections to Plaintiffs' Damages Disclosures.

Dated: May 6, 2019                    ADLI LAW GROUP, P.C.

By: */s/ Drew H. Sherman*
Dariush Adli
Drew Sherman
Joshua Eichenstein
Attorneys for Plaintiff
Lubby Holdings LLC,
Vaporous Technologies, LLC.

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document: **PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' SUPPLEMENTAL DISCLOSURES REGARDING DAMAGES CALCULATIONS**

with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on May 6, 2019.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF System.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed May 6, 2019 in Los Angeles, California.

Dated: May 6, 2019          */s/ Drew H. Sherman*
                             Drew H. Sherman, Esq.