Jen-Feng Lee, SBN 204328
jflee@ltpacificlaw.com
Kenneth K. Tanji, Jr., SBN 162273
ktanji@ltpacificlaw.com
**LT Pacific Law Group, LLP**
17800 Castleton Street, #560
City of Industry, CA 91748
T: 626-810-7200
F: 626-810-7300

Attorneys for Defendant
HENRY CHUNG

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUBBY HOLDINGS LLC, a Delaware limited liability company; VAPOROUS TECHNOLOGIES, INC., a Delaware corporation;<br><br>Plaintiffs,<br><br>vs.<br><br>HENRY CHUNG, an individual; MING CHEN, an individual; DEEPVAPES, INC., a California Corporation d/b/a BOOM VAPORIZER; DOES 1-10, inclusive,<br><br>Defendants. | No.  2:18-cv-00715-RGK-JC<br><br>**DEFENDANT HENRY CHUNG's RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Trial:  May 7, 2019<br><br>Hon. R. Gary Klausner |

---

**DEFENDANT CHUNG'S RULE 50(a) MOTION FOR JMOL**

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 50(a), Defendant Henry Chung ("Chung"), respectfully moves for Judgment as a Matter of Law on the issue that Plaintiffs, Lubby Holdings LLC and Vaporous Technologies, Inc., are not entitled to damages as Plaintiffs have not presented evidence constituting legally sufficient proof for damages, assuming liability against Chung is established.

## I.  COURT MAY ENTER JUDGMENT AS A MATTER OF LAW

"If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed.R.Civ.P. 50(a).

The standard for judgment as a matter of law is the same as the standard for summary judgment. *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 139, 149 (2000). Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a).

## II.  CHUNG IS ENTITLED TO JUDGMENT AS A MATTER OF LAW THAT PLAINTIFFS ARE NOT ENTITLED TO LOST PROFITS DAMAGES

If Plaintiffs prevail on the issue of patent infringement, there are two measures of patent damages: (1) Lost Profits; or (2) Reasonable Royalty. A prevailing Plaintiff is entitled to recover Lost Profits or Reasonable Royalty but not

both. *SmithKline Diagnostics, Inc. v. Helena Labs. Corp*. 926 F.2d 1161, 1164 (Fed.Cir. 1991).

To prove Lost Profits, the patentee must prove there is a reasonable probability that, 'but for' the infringement, the patentee would have made the sales that were made by the infringer. A showing under the four-factor *Panduit* test [*Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.,* 575 F.2d 1152, 1156 (6th Cir. 1978)] establishes the required causation: (1) demand for the patented product; (2) absence of acceptable noninfringing alternatives; (3) capacity to exploit the demand; and (4) the amount of profit the patentee would have made. *Versata Software, Inc. v. SAP Am., Inc*., 717 F.3d 1255, 1264 (Fed.Cir. 2013).

Plaintiffs did not present evidence sufficient to establish they are entitled to recover Lost Profits. Plaintiffs' Lost Profit computation is baseless. As already explained in Defendant's LR 16-10 Trial Brief (ECF #59) and Objection to Plaintiffs' Computation of Damages (ECF #62), there is no evidence or discovery production to support any claimed Lost Profit, even with Mr. Christian Rado's unfounded and wild testimony.

None of the purported figures that support Plaintiffs' Lost Profits calculation made in the ECF #62 filing: i.e. $16.50 [2016 wholesale price per unit of competitive product line], $5.50 [2016 cost per unit of competitive product line], 62% [Plaintiffs' percentage of overall sales of competitive product line sold wholesale], 38% [Plaintiffs' percentage of overall sales of competitive product line sold retail], or the lump sums of $248,611 [lost profits – wholesale], $547,154 [lost profits – retail], or $795,765 [lost profits – wholesale plus retail] were ever produced or disclosed to Chung in pretrial discovery.

The demanded compensations are speculative at least in the sense that the calculation goes BEFORE the time when the '284 Patent did not exist, when it was issues on 9/5/2017.

Plaintiffs also failed to satisfy the 35 U.S.C. §287 notice/marking requirement.

### III. CHUNG IS ENTITLED TO JUDGMENT AS A MATTER OF LAW THAT PLAINTIFFS ARE NOT ENTITLED TO REASONABLE ROYALTY DAMAGES

The Reasonable Royalty measure of damages is based on a reasonable royalty for the use made of the invention by the infringer.  35 U.S.C. §284.

To obtain reasonable royalty compensation on the whole product (instead of just for certain portions of a product) the "patentee must prove that the patent-related feature is the 'basis for consumer demand.'"  *Lucent Technologies, Inc., v. Gateway, Inc.,* 580 F.3d 1301, 1336 (Fed.Cir. 2009).

The reasonable royalty must be based upon the incremental value that the patented invention adds to the end products.  *Exmark Mfg. Co. v. Briggs & Stratton Power Prods.*, 879 F.3d 1132, 1348 (Fed.Cir. 2018).  The patentee "must in every case give evidence tending to separate or apportion … damages between the patented feature and the unpatented features."  *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.*, 904 F.3d 965, 977 (Fed.Cir. 2018).

Licenses relied on by the patentee in providing damages must be sufficiently comparable to the hypothetical license at issue in suit.  *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1316 (Fed.Cir. 2011).

Plaintiffs' Reasonable Royalty computation is baseless.  As already explained in Defendant's ECF #59 Trail Brief and Objection to Plaintiffs' Computation of Damages (ECF #62), Plaintiffs had no evidence or documentary support/analysis to satisfy their reasonable royalty claims.

None of Plaintiff's purported figures of $45 [Plaintiffs' 2016 retail price per unit for competitive product line], $5.50 [Plaintiffs' 2016 cost per unit of competitive product line], or **60% royalty rate**, or the lump sum of $623,346.30

---

**DEFENDANT CHUNG'S RULE 50(a) MOTION FOR JMOL**
4

[total reasonable royalty], were ever produced or disclosed by Plaintiff in pretrial discovery.

The demanded compensations are further speculative and baseless in the sense that the calculation used information and sales figure that went BEFORE the time when the '284 Patent was issued on 9/5/2017.

Plaintiffs also failed to satisfy the section 287 notice/marking requirement.

## IV. PLAINTIFFS DID NOT COMPLY WITH MARKING REQUIREMENTS

The '284 Patent was filed on 8/31/2016 and issued on 9/5/2017. Therefore, there cannot be any infringement before 9/5/2017.

Plaintiffs did not present evidence establishing that Plaintiffs complied with the 35 U.S.C. §287 "notice/marking" requirement.

## V. CONCLUSION

Causation is an element of the plaintiff's proof of damages. *Nycal Offshore Development v. U.S.*, 743 F.3d 837, 846 (Fed. Cir. 2014).

Plaintiffs sued two addition Defendants: Ming Chen (dismissed) and DeepVapes, Inc. (still in the case). Plaintiff produced no evidence to satisfy the "causation" requirement. "Plaintiff must show, by preponderance of the evidence, that the plaintiff's alleged loss was the proximate result" of the wrongdoing; *Energy Capital Crop. V. United States*, 302 F.3d 1314, 1324 (Fed. Cir. 2002), and not because of other Defendants' wrongful acts, which were equally "infringing" by Plaintiffs' allegations. Plaintiffs also failed to account for the loss it alleged suffered due to other unidentified competitors, whether there was in fact infringement, or because the loss was the result of price-shopping.

For these reasons stated above, Defendant Henry Chung, respectfully moves for Judgment as a Matter of Law on the issue that Plaintiffs have not presented

evidence constituting legally sufficient proof for damages, even assuming liability against Chung is established.

Dated: May 9, 2019

Respectfully Submitted,

By: /s/Jen-Feng Lee

Jen-Feng Lee
Kenneth Tanji, Jr.
Attorneys for Defendant, Henry Chung
LT PACIFIC LAW GROUP LLP
17800 Castleton Street, Suite 560
City of Industry, CA 91748

## PROOF OF SERVICE

The undersigned certifies that the foregoing document, **DEFENDANT HENRY CHUNG's RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW,** was filed electronically in compliance with Local Rule 5 – 3.3 and Federal Rules of Civil Procedure. As such, this document was served on all counsel deemed to have consented to electronic service. Local Rule 5 – 4.1.3.All other counsel of record or per se parties not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. Mail, as identified below:

NONE.

On this 9th day of May, 2019.

/s/Jen-Feng Lee_____
Jen-Feng Lee